UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | |
|---|---|
| In re: <br><br> **LUNT SILVERSMITHS, INC.** <br><br> DEBTOR | Chapter 11 <br> Case No. 09-32228-HJB |

**ORDER (A) APPROVING SALE PROCEDURES IN CONNECTION WITH SALE OF CERTAIN OF THE DEBTOR'S ASSETS, (B) APPROVING THE EXPENSE REIMBURSEMENT, (C) SCHEDULING AN AUCTION AND HEARING TO APPROVE THE TRANSACTION AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF**

THIS MATTER is before the Court on the motion dated December 18, 2009 [Docket No. 09-32228] (the "Motion"),[1] of Lunt Silversmiths, Inc. (the "Debtor") for entry of an order (a) approving sale procedures in connection with sale of certain of the Debtor's assets (the "Bidding Procedures"), (b) approving the expense reimbursement, and (c) scheduling an auction (the "Auction") and hearing to approve the transaction and approving the form and manner of notice thereof. After due deliberation and having determined that the relief requested in the Motion is in the best interests of the Debtor and its estate,

**THE COURT HEREBY FINDS THAT:**[2]

---

[1] Unless otherwise defined herein, all capitalized terms shall have the same meaning ascribed to them to the Motion for an Order Approving Sale Procedures in Connection with the Sale of Certain of the Debtor's Assets.

[2] The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

A. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N) and (O). Venue is proper in this District and in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

B. The statutory predicates for the relief requested herein are sections 105(a), 363(b) and (f), 503 and 507 of Title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002(a)(2) and 2002(m), 6004, 9007 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

C. Notice of the Motion, having been given to (i) counsel for the Proposed Purchaser; (ii) the United States Trustee for the District of Massachusetts; (iii) the Internal Revenue Service; (iv) all other applicable state and federal taxing authorities having jurisdiction over the Acquired Assets; (v) all other parties known to Debtor who have or may have asserted liens against any of the Acquired Assets; (vi) all creditors in the case; (vii) all parties that have requested special notice pursuant to Bankruptcy Rule 2002; and (viii) all licensors of, or other holders of interests in, all intellectual property rights licensed to, or used by, the Debtor in the design or manufacture of home, gift or other products, including, but not limited to, those products associated with the segment of the Debtor's business that it proposes to sell pursuant to the Motion; and (ix) all other entities known to have expressed an interest in a transaction with respect to all or part of the Acquired Assets, is sufficient in light of the circumstances and the nature of the relief requested in the Motion.

D. The Debtor has articulated good and sufficient reasons for this Court to grant the relief requested in the Motion regarding the sale process, including without limitation, (i) approval of the Bidding Procedures and, under the circumstances described herein, and in the

Asset Purchase Agreement, the Expense Reimbursement; and (ii) approval and authorization to serve the Sale Notice and Notice of Filing Motion (defined below).

E.  The Expense Reimbursement to be paid under the circumstances described herein upon approval of the Court to the Proposed Purchaser is (i) an actual and necessary cost and expense of preserving the Debtor's estate, within the meaning of sections 503(b) and 507(a)(2) of the Bankruptcy Code, (ii) commensurate to the real and substantial benefit conferred upon the Debtor's estate by the Proposed Purchaser, (iii) reasonable and appropriate, in light of the size and nature of the proposed sale transaction and comparable transactions, the commitments that have been made and the efforts that have been and will be expended by the Proposed Purchaser, and (iv) necessary to induce the Proposed Purchaser to continue to pursue the sale transaction and to continue to be bound by the contemplated Asset Purchase Agreement.

F.  The Expense Reimbursement also induced the Proposed Purchaser to submit a bid that will serve as a minimum floor bid on which the Debtor, its creditors and other bidders may rely. The Proposed Purchaser has provided a material benefit to the Debtor and its creditors by increasing the likelihood that the best possible price given the circumstances for the Acquired Assets will be received. Accordingly, the Bidding Procedures and the Expense Reimbursement are reasonable and appropriate and represent the best method for maximizing value for the benefit of the Debtor's estate.

G.  The Bidding Procedures and the Asset Purchase Agreement were negotiated in good faith by the Debtor and the Proposed Purchaser.

H.  The Sale Notice and Notice of Filing Motion which directs recipients to the website of Debtor's proposed undersigned counsel, www.ssfpc.com from which the Motion, its exhibits and the Bid Procedures Order can be downloaded without charge are each reasonably

calculated to provide all interested parties with timely and proper notice of the Asset Sale, Bid Procedures Order, the Sale Hearing and the Auction.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. The Bidding Procedures, substantially in the form attached hereto as <u>Exhibit A</u>, are hereby approved and fully incorporated into this Order. The Debtor is authorized to undertake any and all actions necessary or appropriate to implement the Bidding Procedures.

2. The Debtor will use its best efforts to advertise the Asset Sale in trade publications and/or business journals. The costs and expenses associated with said advertisement shall be deducted from the Asset Sale proceeds and paid to the Debtor's counsel upon consummation of the Asset Sale.

3. The Expense Reimbursement, as set forth herein, and the Asset Purchase Agreement, are hereby approved. If the Proposed Purchaser becomes entitled to receive the Expense Reimbursement in accordance with the terms of the Asset Purchase Agreement, then the Proposed Purchaser shall be, and hereby is, granted an allowed super-priority administrative claim in the Debtor's chapter 11 case in an amount equal to the Expense Reimbursement, and such Expense Reimbursement shall be paid upon approval of this Court, and from the proceeds, of the alternative transaction free and clear of all liens, claims and encumbrances.

4. In the event the Expense Reimbursement becomes due and payable after approval of this Court, the Debtor is authorized and directed, without further action or order by the Court after application by the Proposed Purchaser, to pay such Expense Reimbursement in accordance with the terms and conditions of the Asset Purchase Agreement and this Order.

5. On or before consummation of an alternative transaction with a successful buyer other than the Proposed Purchaser, as a condition to consummation of such alternate transaction,

such successful buyer shall pay the Expense Reimbursement directly to the Debtor rather than the Proposed Purchaser, which shall be held in trust for the benefit of the Proposed Purchaser and shall be paid to the Proposed Purchaser by the Debtor as promptly as practicable upon approval of this Court.

6. No person or entity, other than the Proposed Purchaser, shall be entitled to any expense reimbursement, break-up fees, termination or other similar fee or payment.

7. The Notice of Auction and Sale Hearing, substantially in the form attached hereto as Exhibit B (the "Sale Notice") and the Notice of Filing Motion (the "Notice of Motion"), substantially in the form attached hereto as Exhibit C (a) are hereby approved and (b) shall be served by first class mail within two (2) business days of entry of this Order, upon each of the following parties: (i) counsel for the Proposed Purchaser; (ii) the United States Trustee for the District of Massachusetts; (iii) the Internal Revenue Service; (iv) all other applicable state and federal taxing authorities having jurisdiction over the Acquired Assets; (v) all other parties known to Debtor who have or may have asserted liens against any of the Acquired Assets; (vi) all creditors; (vii) all parties that have requested special notice pursuant to Bankruptcy Rule 2002; (viii) all licensors of, or other holders of interests in, all intellectual property rights licensed to, or used by, the Debtor in the design or manufacture of home, gift or other products, including, but not limited to, those products associated with the segment of the Debtor's business that it proposes to sell pursuant to the Motion; (ix) all other entities known to have expressed an interest in a transaction with respect to all or part of the Acquired Assets; and (x) counsel to any statutory committee appointed in this case.

8. As further described in the Bidding Procedures, in the event that the Debtor timely receives one or more Qualifying Bids, the Debtor shall conduct an open bid Auction at the

United States Bankruptcy Court for the District of Massachusetts Western Division, 300 State Street, Springfield, Massachusetts on February 11, 2010 at 2:00 p.m. and a Sale Hearing will be conducted on the same date immediately after the open bid Auction where the Debtor will seek approval and authorization of the Asset Sale to the Proposed Purchaser or such other party who is the Prevailing Bidder, on terms and conditions consistent with the Asset Purchase Agreement, as may be amended and modified.

9.    Objections, if any, to the relief requested in the Motion as it relates to the Asset Sale must: (a) be in writing and filed with this Court; (b) comply with the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules; and (c) be served upon, so as to be **received** by, the following parties on or before February 8, 2010 (the "Objection Deadline"): (i) Shatz, Schwartz and Fentin, P.C., 1441 Main Street, Springfield, Massachusetts 01103, Attn: Edward V. Sabella, Esq. (esabella@ssfpc.com), counsel to the Debtor; (ii) Holland & Knight LLP, 10 St. James Avenue, Boston, Massachusetts 02116, Attn: John J. Monaghan, Esquire (john.monaghan@hklaw.com); (iii) the Office of the United States Trustee, District of Massachusetts, 446 Main Street, 14th Floor, Worcester, MA 01608, Attn: Richard T. King (USTPRegion01.WO.ECF@USDOJ.GOV); and (iv) counsel to any statutory committee appointed in this case or before Objection Deadline.

10.    Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise or any Local Rules of this Court, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

11.    All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

12. This Court shall retain jurisdiction to resolve any dispute relating to the interpretation of the terms and conditions of the Asset Purchase Agreement and this Order. To the extent any provisions of this Order shall be inconsistent with the Motion, the terms of this Order shall control.

DATED: ___January 11___, 2010

_____
UNITED STATES BANKRUPTCY JUDGE

09\0185\RB Sale Motion\Final Order\Final SaleOrder.4802

## Exhibit A

## BIDDING PROCEDURES

Set forth below are the bid procedures (the "Bidding Procedures") to be employed by Lunt Silversmiths, Inc. (the "Debtor") in connection with that certain Asset Purchase Agreement, dated December 8, 2009 between the Debtor and Reed and Barton Corporation, a Massachusetts corporation (the "Proposed Purchaser"), pursuant to which the Proposed Purchaser shall acquire certain of the Debtor's assets all on the terms and conditions specified therein (the "Asset Purchase Agreement"). The Debtor has obtained entry of an order of the United States Bankruptcy Court for the District of Massachusetts (the "Bankruptcy Court") which, among other things (a) approves the Bidding Procedures, (b) approves the form and manner of the sale notice and bidding procedures notice, (c) schedules an open bid Auction and Sale Hearing date, and (d) approves an Expense Reimbursement (the "Bid Procedures Order"). Capitalized terms used herein and not otherwise defined shall have the meanings set forth in the Asset Purchase Agreement.

1. Assets to be Sold

The Debtor shall offer for sale certain of the property and assets (the "Asset Sale") of the Debtor's business as identified in further detail in the Asset Purchase Agreement (collectively the "Acquired Property").

2. Participation Requirements

Any person that wishes to participate in the bidding process (each, a "Potential Bidder") must become a "Qualifying Bidder." As a prerequisite to becoming a Qualifying Bidder (and, thus, being able to conduct due diligence), a Potential Bidder:

   a. must deliver an executed confidentiality agreement in form and substance acceptable to the Debtor no later than February 3, 2010; and

   b. must be able to consummate the transaction, financially and otherwise, based upon the Asset Sale, as applicable, if selected as the successful bidder. The Debtor will make the initial determination as to the bidder's ability to consummate the transaction subject to the approval of the Court,

The Proposed Purchaser is deemed a Qualifying Bidder and the Asset Purchase Agreement constitutes a Qualifying Bid (as defined below) for all purposes.

3. Due Diligence

A Qualifying Bidder will have the opportunity to conduct reasonable due diligence through and including the Bid Deadline (as defined below). The Debtor and its

2

representatives shall not be obligated to furnish any due diligence information after the Bid Deadline (as defined below).

4. Bid Requirements

To be deemed a "Qualifying Bid," a bid must be received from a Qualifying Bidder by a date no later than the Bid Deadline (as defined below) that:

    a. states such Qualifying Bidder offers to purchase all or substantially all of the Acquired Assets upon the terms and conditions substantially as set forth in the Asset Purchase Agreement;

    b. is accompanied by a duly executed purchase agreement (the "Modified Asset Purchase Agreement") and a marked Modified Asset Purchase Agreement reflecting any variations from the Asset Purchase Agreement executed by the Proposed Purchaser;

    c. states such Qualifying Bidder is financially capable of consummating the transactions contemplated by the Modified Asset Purchase Agreement without financing contingencies of any kind and provides written evidence in support thereof;

    d. states such Qualifying Bidder's offer is irrevocable until the closing of the Asset Sale if such Qualifying Bidder is the Prevailing Proposed Purchaser (as defined below);

    e. contains such reasonable provisions to allow the Debtor to make a reasonable determination as to the Qualifying Bidder's financial and other capabilities to consummate the transactions contemplated by the Modified Asset Purchase Agreement;

    f. does not request or entitle such Qualifying Bidder to any break-up fee, expense reimbursement, or similar type of payment;

    g. fully discloses the identity of each entity that will be bidding in the Asset Sale or otherwise participating in connection with such bid, and the complete terms of any such participation;

    h. will result in a value to the Debtor's estate that is at least $810,000; and

    i. provides certified funds as a purchase deposit equal to seven percent (7%) of the purchase price contained in the Modified Asset Purchase Agreement.

A competing bid satisfying all the above requirements shall constitute a Qualifying Bid.

5. Bid Deadline

A Qualifying Bidder that desires to make a bid shall deliver a written or electronic copy of its bid to: (i) Lunt Silversmiths, Inc., 298 Federal Street, Greenfield, Massachusetts 01301 (Attn: President); (ii) Holland & Knight LLP, 10 St. James Avenue, Boston, Massachusetts 02116 (Attn. John J. Monaghan, Esq. (john.monaghan@hklaw.com)), counsel to the Proposed Purchaser; and (iii) Shatz, Schwartz and Fentin, P.C., 1441 Main Street, Springfield, Massachusetts 01103, (Attn: Edward V. Sabella, Esq.) (esabella@ssfpc.com), counsel to the Debtor, so as to be received by no later than February 8, 2010 ("Bid Deadline"). If no Qualifying Bids are received by the Bid Deadline, the Debtor shall request at the Sale Hearing that this Court approve the APA with the Proposed Purchaser.

6. Evaluation of Qualifying Bids

If the Debtor has received a timely, conforming Qualifying Bid, the Debtor shall notify the bidder whether its bids has been determined to be qualified by a date no later than one (1) day prior to the Auction Date (as defined below).

7. Auction

In the event that the Debtor timely receives one or more Qualifying Bids other than the Asset Purchase Agreement, the Debtor shall determine which Qualifying Bid is the highest and best value to the Debtor. The Debtor shall conduct the open bid Auction at the United States Bankruptcy Court for the District of Massachusetts Western Division, 300 State Street, Springfield, Massachusetts on February 11, 2010 at 2:00 p.m. (the "Auction Date").

8. Auction Procedures

   a. only the Proposed Purchaser, who shall be deemed a Qualifying Bidder, and the other Qualifying Bidders shall be entitled to make any subsequent bids at the Auction;

   b. the Proposed Purchaser and the other Qualifying Bidders shall appear in person at the Auction, or through a duly authorized representative;

   c. bidding shall commence at the amount of the highest Qualifying Bid submitted by the Qualifying Bidders prior to the Auction;

   d. Qualifying Bidders may then submit successive bids in increments of at least $50,000 higher than the bid at which the Auction commenced and then continue in minimum increments of at least $50,000 higher than the previous bid provided, however, that the Debtor may alter the minimum bid increments in its sole and absolute discretion;

   e. Qualifying Bidders may credit bid the amount of the Expense Reimbursement;

   f. all Qualifying Bidders shall have the right to submit additional bids and make additional modifications to the Asset Purchase Agreement or Modified Asset Purchase Agreement at the Auction, provided that any

such modifications to the Asset Purchase Agreement or Modified Asset Purchase Agreement on an aggregate basis and viewed in whole, shall not be less favorable to the Debtor than the terms of the Asset Purchase Agreement;

g. the Auction shall continue until there is only one offer that the Debtor determines, subject to Bankruptcy Court approval, is the highest or best from among the Qualifying Bids submitted at the Auction (the "Prevailing Bid"). The bidder submitting such Prevailing Bid shall become the "Prevailing Bidder," and shall have such rights and responsibilities of the purchaser, as set forth in the applicable Asset Purchase Agreement or Modified Asset Purchase Agreement; and

h. immediately after adjournment of the Auction, the Prevailing Bidder shall complete and execute all agreements, contracts, instruments and other documents evidencing and containing the terms and conditions upon which the Prevailing Bid was made.

9. Sale Hearing

The Prevailing Bid (or the Asset Purchase Agreement if no Qualifying Bid other than that of the Proposed Purchaser is received) will be subject to approval by this Court. The hearing to approve the Prevailing Bid (or the Asset Purchase Agreement if no Qualifying Bid other than that of the Proposed Purchaser is received) (the "Sale Hearing") shall take place immediately following the Auction on February 11, 2010 at 2:00 p.m. at the United States Bankruptcy Court for the District of Massachusetts Western Division, 300 State Street, Springfield, Massachusetts. The Debtor will seek entry of an order of this Court at the Sale Hearing approving and authorizing the Asset Sale to the Proposed Purchaser or to the Qualified Bidder submitting the highest and best offer at the Auction, as applicable, on terms and conditions consistent with the Asset Purchase Agreement, as may be amended and modified.

10. Return of Deposits

All deposits shall be returned to each bidder not selected by the Debtor as the Prevailing Bidder no later than five (5) business days following the substantial consummation of the sale to the Prevailing Bidder.

09\0185\RB Sale Motion\Final Order\Exhibit A - Bidding Procedures

<u>**Exhibit B**</u>

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION**

| | |
|---|---|
| **In re:**<br><br>**LUNT SILVERSMITHS, INC.**<br><br>**DEBTOR** | **Chapter 11**<br>**Case No. 09-32228-HJB** |

**<u>NOTICE OF AUCTION DATE AND OF INTENDED PRIVATE SALE OF PROPERTY,
SOLICITATION OF COUNTEROFFERS, DEADLINE FOR SUBMITTING
OBJECTIONS AND HIGHER OFFERS AND HEARING DATE</u>**

<u>**February 11, 2010**</u>   **IS THE DATE OF THE PROPOSED SALE**

<u>**February 8, 2010**</u>   **IS THE DATE BY WHICH OBJECTIONS OR
COUNTEROFFERS MUST BE MADE**

NOTICE is hereby given, pursuant to 11 U.S.C. Section 363, Fed.R.Bankr.P. 2002(a)(2) and 6004, and MLBR 2002-5 and 6004-1, that the Debtor intends to sell at private sale the Debtor's right, title and interest in certain property of the estate.

PLEASE TAKE NOTICE that on December 18, 2009, the above-captioned debtor and debtor in possession (the "<u>Debtor</u>"), by its counsel, filed with the Bankruptcy Court the Motion *For An Order (I) (A) Approving Sale Procedures In Connection With Sale Of Certain Of The Debtor's Assets, (B) Approving The Expense Reimbursement, (C) Scheduling An Auction And Hearing To Approve the Transaction And Approving The Form And Manner Of Notice Thereof (II) An Order Approving The Proposed Sale.* (the "Motion").[1]

PLEASE TAKE FURTHER NOTICE that, on January _11_, 2010, the Bankruptcy Court entered an order [Docket No. 09-32228] (the "<u>Bid Procedures Order</u>"), which, among other things, establishes bidding procedures (the "<u>Bidding Procedures</u>") that govern the manner in which the Acquired Assets (as defined in the Motion) of the Debtor are to be sold.

PLEASE TAKE FURTHER NOTICE that the Motion, its exhibits and the Bid Procedures Order are available to you <u>as set forth in the Notice of Filing Motion</u> that is being

---
[1] Unless otherwise defined herein, capitalized terms shall have the meaning ascribed to them in the Motion.

served on you concurrently with this Notice, which provides instructions to download the same free of charge.

PLEASE TAKE FURTHER NOTICE that this Sale Notice is subject to the full terms and conditions of the Motion and the Bid Procedures Order, which shall control in the event of any conflict, and the Debtor encourages the parties in interest to review such documents in their entirety.

### PROPERTY TO BE SOLD:

PLEASE TAKE FURTHER NOTICE that the Acquired Assets to be sold includes certain inventory, finished goods, work in process, components, raw materials, spec samples, tools, intellectual property, sales collateral materials, customer and supplier records, and UPC numbers. A more specific description of the property to be sold is set forth in the Asset Purchase Agreement (the "APA") which is Exhibit A to the Motion

### THE OFFER:

PLEASE TAKE FURTHER NOTICE that the Debtor has received an offer to purchase the property for the sum of $700,000 in cash, subject to adjustments as set forth in the APA. The Proposed Purchaser has paid a deposit of $52,500.

### THE PROPOSED PURCHASER:

PLEASE TAKE FURTHER NOTICE that the Proposed Purchaser is Reed and Barton Corporation, a Massachusetts corporation, with a principal place of business at 144 West Brittannia Street, Taunton, Massachusetts, 02780. The Proposed Purchaser has no relationship to the Debtor. The APA represents the results of extensive arms-length negotiations conducted by the Debtor to obtain the highest and best offer for the Acquired Assets. However, as set forth in the Bid Procedures Order, the sale remains subject to higher or better offers from any prospective Qualifying Bidder as discussed below.

### THE AUCTION DATE:

PLEASE TAKE FURTHER NOTICE that, in accordance with the terms of the Bid Procedures Order, the Debtor will conduct an open bid auction (the "Auction") on February 11, 2010 at 2:00 p.m. (the "Auction Date") at the United States Bankruptcy Court for the District of Massachusetts Western Division, 300 State Street, Springfield, Massachusetts.

### COUNTEROFFERS:

PLEASE TAKE FURTHER NOTICE that only parties that have a submitted a Qualifying Bid in strict accordance with the Bidding Procedures (as defined in the Bid Procedures Order) by no later February 8, 2010 (the "Bid Deadline") will be permitted in participate in and/or make any statements on the record at the Auction. A Qualifying Bidder that

desires to make a bid shall deliver a written copy of its bid to: (i) Lunt Silversmiths, Inc., 298 Federal Street, Greenfield, Massachusetts 01301 (Attn: President); (ii) Holland & Knight LLP, 10 St. James Avenue, Boston, Massachusetts 02116 (Attn. John J. Monaghan, Esq. (john.monaghan@hklaw.com)), counsel to the Proposed Purchaser; and (iii) Shatz, Schwartz and Fentin, P.C., 1441 Main Street, Springfield, Massachusetts 01103, (Attn: Edward V. Sabella, Esq.) (esabella@ssfpc.com), proposed counsel to the Debtor; (iv) the Office of the United States Trustee, District of Massachusetts, 446 Main Street, 14th Floor, Worcester, MA 01608, Attn: Richard T. King (USTPRegion01.WO.ECF@USDOJ.GOV); and (v) counsel to any statutory committee appointed in this case.

## DEPOSIT:

PLEASE TAKE FURTHER NOTICE that a deposit will be forfeited to the estate if the Prevailing Bidder fails to complete the sale by the date ordered by the Court. If the sale is not completed by the Prevailing Bidder approved by the Court, the Court, without further hearing, may approve the sale of the Acquired Assets to the next higher Qualifying Bidder.

## OBJECTIONS:

PLEASE TAKE FURTHER NOTICE that objections to the Motion, if any, must comply with the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court for the District of Massachusetts, must be set forth in writing describing the basis therefor, and must be filed with the Bankruptcy Court and, be served upon (so as to be **received** by) the following parties on or before **4:30 PM on February 8, 2010** (the "**Objection Deadline**"): (i) Shatz, Schwartz and Fentin, P.C., 1441 Main Street, Springfield, Massachusetts 01103, Attn: Edward V. Sabella, Esq., counsel to the Debtor; (ii) Holland & Knight LLP, 10 St. James Avenue, Boston, Massachusetts 02116, Attn: John Monaghan, Esquire; (iii) the Office of the United States Trustee, District of Massachusetts, 446 Main Street, 14th Floor, Worcester, MA 01608, Attn: Richard T. King; and (iv) counsel to any statutory committee appointed in this case.

PLEASE TAKE FURTHER NOTICE that the failure of any person or entity to file an objection before the Objection Deadline shall be deemed a consent to the sale of the Acquired Assets to the Proposed Purchaser or the Prevailing Bidder and the other relief requested in the Motion, and be a bar to the assertion, at the Sale Hearing or thereafter, of any objection to the Motion, the Auction, the sale of the Acquired Assets, the Debtor's consummation and performance of the Asset Purchase Agreement (including, without limitation, the sale of the Acquired Assets free and clear of all Liens), if authorized by the Bankruptcy Court.

## SALE FREE AND CLEAR OF LIENS:

PLEASE TAKE FURTHER NOTICE that the Acquired Assets will be sold free and clear of all liens, claims and encumbrances. Any perfected, enforceable valid liens shall attach to the proceeds of the sale according to priorities established under applicable law.

## SALE DATE AND HEARING:

4

PLEASE TAKE FURTHER NOTICE that, immediately following the Auction, at 2:00 p.m. on February 11, 2010 (the "<u>Sale Hearing</u>") the Debtor shall appear before the Bankruptcy Court and seek entry of an order:

A. approving the terms of the APA, or such other form of asset purchase agreement;

B. authorizing the sale of the Acquired Assets by the Debtor to the Proposed Purchaser or such other person or entity who is the Prevailing Bidder at the Auction, free and clear of Liens pursuant to 11 U.S.C. § 363(f), other than any permitted liens; and

C. granting certain related relief.

PLEASE TAKE FURTHER NOTICE that any party who has filed a Qualifying Bid is expected to be present at the hearing, failing which the Qualifying Bid may be stricken.

PLEASE TAKE FURTHER NOTICE that if no objection to the Motion or Qualifying Bid is timely filed and received, the Court, in its discretion, may cancel the scheduled hearing and approve the sale without hearing.

PLEASE TAKE FURTHER NOTICE that the Court may modify the method of sale set forth in this Notice at or prior to the Sale Hearing on the proposed sale.

PLEASE TAKE FURTHER NOTICE The Court may take evidence at any hearing on approval of the sale to resolve issues of fact.

PLEASE TAKE FURTHER NOTICE that at the Sale Hearing the court may (1) consider any request to strike a higher offer, (2) determine further terms and conditions of the sale, (3) determine the requirements for further competitive bidding, and (4) require one or more rounds of sealed or open bids from the original offeror and any other qualifying offeror.

LUNT SILVERSMITHS, INC.

By:<u>/S/ Edward V. Sabella</u>
Edward V. Sabella, Esquire
BBO #436820
esabella@ssfpc.com
Steven Weiss, Esquire
BBO #545619
sweiss@ssfpc.com
L. Alexandra Hogan, Esquire
BBO #672561
lahogan@ssfpc.com
Shatz, Schwartz and Fentin, P.C.
1441 Main Street
Springfield, MA  01103

5

Telephone (413) 737-1131
Facsimile (413) 736-0375

Date: January __2010

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MASSACHUSETTS
# WESTERN DIVISION

| | |
|---|---|
| In re:<br><br>LUNT SILVERSMITHS, INC.<br><br>DEBTOR | Chapter 11<br>Case No. 09-32228-HJB |

## NOTICE OF FILING MOTION AND ORDER APPROVING BIDDING PROCEDURES

## TO THE CREDITORS AND OTHER PARTIES IN INTEREST:

*PLEASE TAKE NOTICE* that, in the case of Lunt Silversmiths, Inc. (the "Debtor"), the following have been filed/docketed with the above court:

A. Debtor's Motion for an Order (I) (A) Approving Sale Procedures in Connection With Sale of Certain of the Debtor's Assets, (B) Approving Expense Reimbursement, (C) Scheduling an Auction and Hearing to Approve the Transaction and Approving the Form and Manner of Notice Thereof and (II) Approving the Proposed Sale (the "Sale Motion") with this court which addresses the following: The Motion discusses the proposed sale of assets to Reed and Barton Corporation outlining the terms and conditions of the proposed asset sale and bidding procedures.

B. *PLEASE TAKE NOTICE* that the Court has issued an Order (A) Approving Sale Procedures in Connection with Sale of Certain of the Debtor's Assets, (B) Approving the Expense Reimbursement, (C) Scheduling an Auction and the Hearing to Approve the Transaction and Approving the Form and Manner of Notice Therefor (the "Order").

C. *PLEASE FURTHER NOTE*: An open bid Auction and hearing on the Sale Motion have been scheduled and will take place on February 11, 2010 at 2:00 p.m. at the United

2

States Courthouse, 300 State Street, Berkshire Courtroom, 3rd Floor, Springfield, MA. Objections and counteroffers must be submitted and received in accordance with the Order and Bidding Procedures no later than February 8, 2010.

D. **PLEASE TAKE NOTICE** that the following have also been filed/docketed with the above court: Debtor's Application to Employ Accountant and Affidavit of Accountant ("Application").

E. PLEASE TAKE NOTICE that the above-referenced (i) Motion, (ii) Order, (iii) Notice of Auction Date and of Intended Private Sale of Property, Solicitation of Counteroffers, Deadline for Submitting Objection and Higher Offers and Hearing Date, and (iv) Application are available for download in pdf format from the Shatz, Schwartz and Fentin, P.C. website, www.ssfpc.com. By clicking the "Pleadings/Downloads" button on the left hand side of the home page, the user will be taken to another page within the website from which the above-referenced motion, orders, notices and any and related exhibits can be downloaded for free. A free copy of the Adobe Reader may be downloaded from www.adobe.com, which may be used to open these files. In the event you cannot open these files, you may make a written request for paper copies by contacting the undersigned, which request will be satisfied forthwith. <u>The Debtor encourages the parties in interest to review such documents in their entirety</u>.

SHATZ, SCHWARTZ AND FENTIN, P.C.

By: /s/ Edward V. Sabella
Edward V. Sabella, Esquire
esabella@ssfpc.com
BBO #436820
Steven Weiss, Esquire
sweiss@ssfpc.com
BBO #545619
L. Alexandra Hogan, Esquire
lahogan@ssfpc.com
BBO #672561
1441 Main Street – Suite 1100
Springfield, MA 01103
Telephone - (413) 737-1131
Facsimile - (413) 736-0375

Counsel to Lunt Silversmiths, Inc.

Dated: January __, 2010

3

09\0185\RB Sale Motion\Final Order\Exhibit C - Notice of Filing Motion - Hearing- Order